UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

JOSE LIMONTA,

    Plaintiff,

vs.

UNITED PARCEL SERVICE, INC., a
Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, JOSE LIMONTA, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant UNITED PARCEL SERVICE, INC., a Foreign Profit Corporation (hereinafter, "Defendant"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII), the Americans With Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA") and Florida Statutes § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to

conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff, at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff at all times material hereto, was a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that he is a person with a disability as defined by those Acts.

7. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that he was subjected to dismissal from employment based on his disability and in retaliation for his disability and request for an accommodation.

8. Plaintiff alleges causes of action for violations of the Title VII, FCRA, ADA, and the ADAAA as a result of the Defendant's dismissal of Plaintiff from employment.

9. Defendant is a foreign corporation authorized to do business in Florida. Specifically, Plaintiff worked at the Hialeah Metro location. All facts which give rise to this complaint occurred in Hialeah, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

10. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

11. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

12. Plaintiff's Charge was filed on or about December 23, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

13. Plaintiff was terminated from his position on or about September 16, 2020. His Charge was therefore timely filed.

14. Plaintiff was issued a Notice of Right to Sue on July 20, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

15. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

17. Plaintiff was employed by Defendant from October 2006 through on or about September 16, 2020, as a delivery driver.

18. On or about April 21, 2020, Plaintiff had a work-related accident while opening the back door of a truck.

19. As a result of the accident, Plaintiff injured his left shoulder. On or about April 22, 2020, Plaintiff sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

20. On or about April 24, 2020, after 3 days off, Plaintiff was released to return to work with limitations by the doctor. Specifically, Plaintiff was not able to carry more than 10 pounds.

21. On or about May 5, 2020, Plaintiff returned to work after he spoke to his manager, Leo Rodriguez (hereinafter, "Mr. Rodriguez") who agreed to placed Plaintiff on light duty for a week pursuant to the doctor's orders.

22. On or about May 6, 2020, However, Plaintiff was called into a meeting with managers Rodriguez, Manuel Acosta ("Acosta"), supervisor Nick Esquenazi, ("Esquenazi"), and steward Sean Bryson. During the meeting Mr. Acosta stated he could not afford to have Plaintiff on light duty forcing Plaintiff to use his time off for a week while he was able to return to work to full duty.

23. On or about July 7, 2020, Plaintiff experienced an intense pain in his lower abdomen and was diagnosed with kidney stones.

24. Kidney Stones is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to work and perform other physical activities when passing a stone and affected his ability to control his bladder which are considered "major life activities" as defined by the ADA and ADAAA.

25. Plaintiff notified his supervisor of his condition and made a request for reasonable accommodations to address Plaintiff's healthcare provider recommendations that Plaintiff increased his intake of fluids and be allowed to use the restroom.

26. Plaintiff also provided medical documents excusing him from work a few days in July and August when Plaintiff was absent due to the severe pain while passing a kidney stone.

27. On or about August 24, 2020, Plaintiff based on his seniority, made a request to make up hours that he had missed due to his work-related injury and medical condition. However, Plaintiff was advised that his request to make up time was denied.

28. On or about August 25, 2020, Plaintiff was called into a meeting by Esquenazi and steward Adrian Novoa and was questioned about his performance. During the meeting, Plaintiff reminded Esquenazi of his requests for accommodation and notified his supervisor of the limited access to water and bathrooms at the location he was assigned due to the pandemic.

29. Plaintiff, throughout his tenure with Defendant, had a satisfactory work record and was at all times qualified for his position in that prior to having a medical condition for which an accommodation was requested, Plaintiff had not been disciplined and he performed his duties to the satisfaction of his supervisor.

30. On or about September 10, 2020, Plaintiff filed a formal grievance regarding the disparate treatment he was being subjected to in connection to the denial of his request to make up time.

31. On September 16, 2020, shortly after his complaint, Defendant terminated Plaintiff alleging a policy violation and accusing Plaintiff of stealing time.

32. Upon information and belief, Defendant's reason for termination -Plaintiff was stealing time is false and is pretextual for unlawful discrimination and or retaliation.

33. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for accommodation were a motivating factor in the decision for the adverse employment action.

34. Defendant acted with intentional disregard for Plaintiff's rights under the FCRA, the FFCRA, the ADA, and the ADAAA.

35. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

36. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

<b><u>COUNT I</u></b><br><b><u>DISABILITY DISCRIMINATION</u></b><br><b><u>UNDER THE ADA AND ADAAA</u></b>

37. Plaintiff incorporates herein the allegations contained in paragraphs 1–36, inclusive, as though same were fully re-written, and says:

38. Plaintiff is disabled as he suffers from depression, which is an impairment that substantially limits one or more major life activities.

39. Plaintiff was at all times qualified to perform the essential functions of his job as a driver with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

40. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

41. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, was the direct and proximate result of Plaintiff's actual disability,

which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

42. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

43. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

44. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his disability by terminating him because of his condition under the circumstances described above.

45. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

46. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Esquenazi and Acosta and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

47. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.
    WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

  A. Actual damages as a result of Defendant's discriminatory actions;

  B. Punitive damages due to Defendant's willful behavior;

  C. Compensatory damages;

  D. Injunctive relief where feasible;

  E. Attorney's fees;

  F. Costs of this action; and

  G. Any other relief this Court deems proper.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this complaint as if set out in full herein.

49. Plaintiff is disabled as she suffers from a medical condition that prevented him from standing, working when he was experiencing acute pain while passing a stone and affected his ability to control his bladder.

50. Plaintiff is, and at all times was, qualified to perform the essential functions of his job with or without a proposed reasonable accommodation.

51. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

52. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

53. At the time of his diagnosis, Plaintiff requested reasonable accommodations including to be allowed to consume liquids and go to the bathroom and to be excused from work when experiencing acute pain. Plaintiff made this request to his supervisor.

54. These requests were reasonable and would not have caused Defendant undue hardship.

55. As a result of Defendant's action, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

56. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying his request(s).

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

### COUNT III
### VIOLATION OF THE ADA AND ADAAA
### (RETALIATION)

57. Plaintiff incorporates herein the allegations contained in paragraphs 1–36, inclusive, as though same were fully re-written, and says:

58. Plaintiff requested a reasonable accommodation in May 2020 and in July 2020. These requests were made to his managers Acosta and his supervisor Esquenazi who knew of his Plaintiff's medical conditions.

59. Specifically, in May 2020, Plaintiff requested to be placed on light duty pursuant to his doctor's limitations as a result of his work related injury.

60. Upon information and belief, there were other jobs for which Plaintiff was qualified that he could have performed which did not require him to lift more than ten pounds.

61. However, Plaintiff was forced to take a week off while his injury healed and returned to work full duty.

62. Furthermore, in July 2020, Plaintiff notified his supervisor that he had been diagnosed with kidney stones and requested a reasonable accommodation to be able to increase his fluid intake, use the restroom and be absent when experiencing acute pain.

63. As a direct result of Plaintiff's request for a reasonable accommodation, Plaintiff was terminated by Defendant on September 16, 2020.

64. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

65. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Esquenazi and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

66. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

    WHEREFORE, Plaintiff requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

    B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this complaint as if set out in full herein.

68. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

69. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

70. Specifically, Plaintiff alleges that Defendant wrongfully denied his reasonable requests for an accommodation.

71. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

11

72. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

73. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

74. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

75. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

  B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

  F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this complaint as if set out in full herein.

77. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

78. Plaintiff requested a reasonable accommodation in May 2020 and in July 2020. These requests were made to his managers Acosta and his supervisor Esquenazi who knew of his Plaintiff's medical conditions.

79. Specifically, in May 2020, Plaintiff requested to be placed on light duty pursuant to his doctor's limitations as a result of his work related injury.

80. Upon information and belief, there were other jobs for which Plaintiff was qualified that he could have performed which did not require him to lift more than ten pounds.

81. However, Plaintiff was forced to take a week off while his injury healed and returned to work full duty.

82. Furthermore, in July 2020, Plaintiff notified his supervisor that he had been diagnosed with kidney stones and requested a reasonable accommodation to be able to increase his fluid intake, use the restroom and be absent when experiencing acute pain.

83. As a direct result of Plaintiff's request for a reasonable accommodation, Plaintiff was terminated by Defendant on September 16, 2020.

84. Defendant knew of Plaintiff's disability and his requests as Plaintiff made this request to Esquenazi who was a supervisor of Defendant corporation.

85. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

86. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

87. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Susana and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

88. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

89. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation and sick leave, were a motivating factor in the decision for the adverse employment action(s).

90. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## COUNT VI
## VIOLATION OF WORKERS' COMPENSATION LAWS

91. Plaintiff re-alleges and re-avers paragraphs 1-36 as though full set forth herein.

92. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

93. At all relevant times, Defendant has been and is an "employer" as that term is defined by Chapter 440, Florida Statutes § 440.202.

94. On or about April 21, 2020, Plaintiff suffered a work-related injury and sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

95. On May 5, 2020, Plaintiff was denied light duty and was forced to use personal time off until he was able to return full duty.

96. On or about September 16, 2020, Plaintiff was terminated. Prior to his injury, Plaintiff had received positive reviews and recommendations from his supervisor and was not made aware of any performance deficiencies.

97. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

98. Plaintiff's work record with Defendant prior to his termination was satisfactory.

99. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

100. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff demands judgment for:

    A. Plaintiff's lost wages and/or benefits as a result of his termination;

B. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

C. Interest on all monies owed;

D. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

E. A trial by jury; and

F. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff JOSE LIMONTA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 18, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com